IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ANTHONY YOUNG,  :
    :
      Plaintiff  :
    :
      VS.  :   NO: 5:10-CV-491(MTT)
    :
WILLIAM TERRY;  :
Commissioner Georgia Dept. of Corr.,  :
    :   **ORDER**
      Defendants  :

Plaintiff **ANTHONY YOUNG**, an inmate at Central State Prison in Macon, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## I. REQUEST TO PROCEED IN FORMA PAUPERIS

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing

fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice

2

of what the . . . claim is and the grounds upon which it rests[.]'" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also **Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, *[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See **Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any

portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

### III. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff is serving two concurrent life sentences for malice murder. This sentence was imposed on September 18, 1984. Plaintiff states that from December 1984 until the present time, he has been forced "to perform slave labor (work without compensation)." He explains that the classification committees at each prison in which he has been confined have ordered him to perform various jobs; yet never compensated him for this work. Plaintiff states that he understands the Thirteenth Amendment to the United States Constitution allows "slavery, or involuntary servitude, if duly convicted of a crime." However, Plaintiff maintains the Emancipation Proclamation provided that all slaves in the State of Georgia should be "forever free." Plaintiff argues that the Emancipation Proclamation is in conflict with the Thirteenth Amendment and because the Emancipation Proclamation pre-dated the Thirteenth Amendment, it "supercedes" that Amendment.

Plaintiff claims that being forced to work has caused him "great pain and suffering, along with mental anguish." Plaintiff states that this mental anguish caused him to attempt suicide in April 2007.

This case must be dismissed as frivolous. Plaintiff is a prisoner and is incarcerated in the prison system in the State of Georgia. He is not a slave. The Emancipation Proclamation does not provide that prisoners should be "forever free"; nor does it conflict with the Thirteenth Amendment. "The Thirteenth Amendment prohibits slavery or involuntary servitude except as punishment for a crime for which a person has been duly

convicted." *Sheffield v. Tullis*, 1998 U.S. Dist. LEXIS 14110 at *5 (S. D. Ala. August 3, 1998). The Eleventh Circuit Court of Appeals has long held that "where a person is duly tried, convicted, sentenced and imprisoned for a crime in accordance with law, no issue of peonage or involuntary servitude arises. The Thirteenth Amendment has no application where a person is held to answer for a violation of a penal statute." *Omaster v. Wainwright*, 696 F.2d 1304, 1305 (11th Cir. 1983). Simply put, prisoners do not have a constitutional right to be paid for their services. *See also Gambetta v. Prison Rehabilitative Indus. & Diversified Enters.*, 112 F.3d 1119, 1124 n.6 (11th Cir. 1997)("'[N]o Court of Appeals has ever questioned the power of a correctional institution to compel inmates to perform services for the institution without paying the minimum wage. Prisoners may thus be ordered to cook, staff the library, perform janitorial services, work in the laundry, or carry out numerous other tasks that serve various institutional missions of the prison'.")(citation omitted). Contrary to Plaintiff's assertion, nothing in the Emancipation Proclamation provides otherwise.

Based on these findings, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.[1]

**SO ORDERED**, this 6th day of January, 2011.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT

lnb

---

[1] Plaintiff's Motion for a Temporary Injunction is **DENIED**.